IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK, AS SUCCESSOR INDENTURE TRUSTEE UNDER NOVASTAR MORTGAGE FUNDING TRUST SERIES 2006-1,<br><br>         Plaintiff,<br><br>     v.<br><br>LUIS GUEVARA-MARTINEZ,<br><br>         Defendant.<br>_____/ | No. C 11-5474 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT'S APPLICATION TO PROCEED IN FORMA PAUPERIS |

   On November 10, 2011, Defendant Luis Guevara-Martinez removed this case from the Alameda County Superior Court and moved for leave to proceed in forma pauperis (IFP).  From the face of the application it appears that Defendant meets the financial requirements to proceed IFP and the application to proceed IFP is granted.

   On December 8, 2011, Defendant Bank of New York moved for remand.  Opposition to the motion to remand was due on December 22, 2011, but has not been filed.  The Court has reviewed the removed complaint and concludes that it must be remanded.

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). For removal to be proper, there must be federal question jurisdiction or diversity jurisdiction. Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 10 (1983). District courts have federal question jurisdiction over civil actions arising under the United States Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. District courts have diversity jurisdiction over civil actions when they are between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Title 28 U.S.C. § 1447(c) provides that if, at any time before judgment, it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. On a motion to remand, the scope of the removal statute must be strictly construed. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Courts should resolve doubts as to removability in favor of remanding the case to state court. Id.

This removed case is a residential unlawful detainer action following a judicial foreclosure. It contains one cause of action for unlawful detainer, which arises exclusively under state law. In his notice of removal, Defendant argues that federal question jurisdiction exists because Plaintiff has violated the federal

2

Protecting Tenants at Foreclosure Act of 2009 which "raises questions as to what rights tenants have because of the effect of foreclosure."  However, "[t]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386 (1987)).  A federal defense is not part of a plaintiff's properly pleaded statement of his or her claim.  Id. (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987).  A case, therefore, may not be removed to the federal court based on a federal defense "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Bd., 463 U.S. at 14; see Rivet, 522 U.S. at 475. Because the only possible federal issue in this case involves a defense, federal question jurisdiction is lacking.

The complaint alleges that Plaintiff seeks damages in an amount not to exceed $10,000.  Because the amount in controversy is less than $75,000, diversity jurisdiction is lacking.  See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938) (the status of the case as disclosed by the plaintiff's complaint is controlling for purposes of removal).

Because there is no federal question or diversity jurisdiction, this Court lacks subject matter jurisdiction over this case and it must be remanded.

3

CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to remand this case to the Alameda County Superior Court and grants Plaintiff's application to proceed IFP.

IT IS SO ORDERED.

Dated: 1/9/2012

CLAUDIA WILKEN
United States District Judge

4